UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RYAN V. HARRIS (#391818)

VERSUS                                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF                                         NUMBER 14-800-SDD-SCR
CORRECTION & PUBLIC SAFETY


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 29, 2014.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RYAN V. HARRIS (#391818)

VERSUS                                           CIVIL ACTION

LOUISIANA DEPARTMENT OF                          NUMBER 14-800-SDD-SCR
CORRECTION & PUBLIC SAFETY

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff Ryan V. Harris, an inmate currently confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections.[1] Plaintiff alleged that Alexia Carrey failed to take seriously the threats against the plaintiff and convinced him not to worry about inmate Robert Ferrier. Plaintiff alleged that on some unspecified date, inmate Robert Ferrier, a known enemy, was not properly restrained and managed to come out of his waist restraint.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief

---

[1] Identified as the Louisiana Department of Correction and Public Safety in the complaint.

> can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the plaintiff did not allege any facts against a named or unnamed defendant which rises to the level of a constitutional violation. Specifically, the plaintiff did not allege that Carrey, presumably a guard, was deliberately indifferent to his safety. Moreover, the plaintiff failed to allege that inmate Ferrier actually attacked him or that he sustained a physical injury during the alleged incident.[2]

---

[2] Plaintiff is an experienced litigator who previously filed
(continued...)

Second, the plaintiff named the Louisiana Department of Public Safety and Corrections as the sole defendant.  Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.  Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.  Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.  The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

---

[2](...continued)
at least three additional complaints. *See Ryan Vanteell Harris v. Dixon Correctional Institute, et al*, CV 11-481-BAJ-SCR;  *Ryan Vanteell Harris v. Dixon Correctional Institute, et al*, CV 11-643-JJB-SCR; and *Ryan Vanteell Harris v. Dr. Gamble, et al*, CV 11-727-SDD-RLB.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claim against the Louisiana Department of Public Safety and Corrections be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and this action be dismissed, unless within such time as fixed by the district judge the plaintiff files an amended complaint that alleges specific facts against a defendant which state a claim against upon which relief may be granted.

Baton Rouge, Louisiana, December 29, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE