UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RYAN V. HARRIS (#391818)

VERSUS                                             CIVIL ACTION

LOUISIANA DEPARTMENT OF                            NUMBER 14-800-SDD-SCR
CORRECTION & PUBLIC SAFETY

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 11, 2015.

                             STEPHEN C. RIEDLINGER
                             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RYAN V. HARRIS (#391818)

VERSUS                                                    CIVIL ACTION

LOUISIANA DEPARTMENT OF                                   NUMBER 14-800-SDD-SCR
CORRECTION & PUBLIC SAFETY

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff Ryan V. Harris, an inmate currently confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections.[1] Plaintiff alleged that Alexia Carrey failed to take seriously the threats against the plaintiff and convinced him not to worry about inmate Robert Ferrier. Plaintiff alleged that on some unspecified date, inmate Robert Ferrier, a known enemy, was not properly restrained and managed to come out of his waist restraint.

A Magistrate Judge's Report was issued on December 30, 2014 recommending that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and this action be dismissed, unless within such time as fixed by the district judge the plaintiff files an amended complaint that alleges

---

[1] Identified as the Louisiana Department of Correction and Public Safety in the complaint.

specific facts against a defendant which state a claim against upon which relief may be granted.  Plaintiff did not file any objection to the Magistrate Judge's Report.  After the time to do so had expired, the plaintiff filed a Motion to Amend and Modify, in which he asked that social worker Alexia Carrey and corrections officer Sgt. Lasard be added as defendants.[2]  The district judge deferred ruling on the Magistrate Judge's Report and referred the matter back to the undersigned magistrate judge to determine whether the proposed amended complaint alleges sufficient specific facts to state a claim upon which relief can be granted.[3]

Clearly, it does not.  As explained in the Magistrate Judge's Report, the plaintiff did not allege any facts against a named or unnamed defendant which rise to the level of a constitutional violation.  Specifically, the plaintiff did not allege that Carrey (who was thought to be a guard but is allegedly social worker) was deliberately indifferent to his safety.  Moreover, the plaintiff failed to allege that inmate Ferrier actually attacked him or that

---

[2] Record document number 5.

[3] Record document number 6.  Although the plaintiff's Motion to Amend and Modify has not been formally granted, the district judge's Order refers to it as "the amended complaint."  In the circumstances here, treating the motion itself as an amended complaint is appropriate.  Plaintiff was put on notice by the Magistrate Judge's Report that his original complaint is deficient, and no defendant has been served or made an appearance. Under Rule 15(a)(2), Fed.R.Civ.P., leave to amend is warranted.

he sustained a physical injury during an attack.[4]  Simply naming Carrey as a defendant is not sufficient to state a claim against her.  As to Sgt. Lasard, there are no facts alleged as to him at all, in either the original complaint or the amended complaint. Consequently, the plaintiff has not alleged a claim against him.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Amend and Modify be treated as an amended complaint.

It is the further recommended that the plaintiff's complaint, as amended, be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), without leave to further amend the complaint, and this action be dismissed.

Baton Rouge, Louisiana, February 11, 2015.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] As noted in the Magistrate Judge's Report, the plaintiff is an experienced litigator who previously filed at least three additional complaints.  *Ryan Vanteell Harris v. Dixon Correctional Institute, et al*, CV 11-481-BAJ-SCR;  *Ryan Vanteell Harris v. Dixon Correctional Institute, et al*, CV 11-643-JJB-SCR; and *Ryan Vanteell Harris v. Dr. Gamble, et al*, CV 11-727-SDD-RLB.